|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | **JS-6 / TRANSFER** |

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|

| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 1 of 8 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| Kane Tien | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE [DOC. #22]**

This matter is before the Court on Defendant Johnson Premium Hardwood Flooring's ("Johnson") Motion to Dismiss or, In The Alternative, To Transfer Venue, originally set for hearing on August 1, 2014. [Doc. # 22.] On July 29, 2014, the Court took the motion under submission because it deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I.
## PROCEDURAL BACKGROUND

On April 25, 2014, Plaintiff John Williams filed a complaint against Johnson on behalf of himself and all others similarly situated. [Doc. # 1.] The complaint identified the following causes of action: (1) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (2) false and misleading advertising in violation of California Business and Professions Code § 17500 *et seq.*; (3) unlawful, unfair, and fraudulent business practices in violation of the California Business and Professions Code § 17200 *et seq.*; and (4) in the alternative, on behalf of Plaintiff and the New Jersey sub-class only, violations of N.J.S.A. § 56:8-1 *et seq.* (*Id.*)

On June 27, 2014, Johnson filed the instant motion. On July 7, 2014, Williams filed a memorandum in opposition to the Motion to Dismiss. [Doc. # 25.] On July 18, 2014, Johnson filed a reply. [Doc. # 28.]

## II.
## FACTUAL ALLEGATIONS

Johnson advertises that it produces flooring selectively harvested from countries all around the world. (Compl. ¶ 7.) One of these hardwood flooring products is known as Samoan

UNITED STATES DISTRICT COURT    **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|

| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 2 of 8 |
|---|---|---|---|

Mahogany. (*Id.* ¶ 11.) Johnson advertises this product as having a Janka Hardness Rating of 1400. (*Id.* ¶ 12.) The Janka Hardness Test measures the resistance of sample wood to denting and wear. (*Id.*)

Johnson's Samoan Mahogany is not in fact mahogany, nor is it from the same wood family as mahogany. (*Id.* ¶ 13.) It is also not as hard as mahogany[1] and does not have the same internal structure. (*Id.*) Johnson was and is aware that Samoan Mahogany is not mahogany. (*Id.* ¶ 14.)

Williams sought to buy mahogany flooring for his home. (*Id.* ¶ 16.) Williams bought multiple boxes of the Samoan Mahogany from Quality Carpets Inc. in Glassboro, New Jersey, believing that the product was legitimate mahogany based on the product name and label. (*Id.* ¶ 16.) When Williams purchased the product in April 2013, Johnson's website listed the species of Samoan Mahogany as Taun. (Mot. at 3-4.)

After purchasing the product, Williams discovered that the wood was softer than he expected mahogany to be and did not appear to be real mahogany. (Compl. ¶ 17.) Williams only purchased the product because he believed it to be mahogany, and had he known it was not mahogany, he would not have purchased the product. (*Id.* ¶ 18.)

### III.
### MOTION TO DISMISS

Johnson moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).

**A.**    <u>**Legal Standard**</u>

Pursuant to Rule 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction. A factual attack disputes the truth of the allegations that would otherwise confer federal jurisdiction. *Id.*

---

[1] Johnson disputes this allegation, asserting that the genus Swietenia, the genus to which mahogany belongs, is not a harder wood than the Taun species, which is the wood used to manufacture Samoan Mahogany. (*See* Schollmeyer Decl. ¶ 8.)

UNITED STATES DISTRICT COURT     **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|

| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 3 of 8 |
|---|---|---|---|

Johnson brings a factual attack. In resolving a factual attack on jurisdiction, the Court may look beyond the complaint and consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment, and need not presume the truthfulness of the plaintiff's allegations. *Americopters, LLC v. F.A.A.,* 441 F.3d 726, 732 (9th Cir. 2006). Where the moving party presents affidavits or other extrinsic evidence, the opposing party must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Colwell v. Dept. of Health and Human Services,* 558 F.3d 1112, 1121 (9th Cir. 2009). "The party asserting federal jurisdiction has the burden of establishing it." *U.S. v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

**B.**     <u>Discussion</u>

A plaintiff's standing is a "threshold question which must be answered" before turning to the merits of the claims. *Linda R.S. v. Richard D.*, 410 U.S. 614, 616, 93 S. Ct. 1146, 1148, 35 L. Ed. 2d 536 (1973). To establish the requisite "case or controversy" for standing, a plaintiff must establish: (1) an injury-in-fact; (2) a causal connection between the injury and the defendant's actions or failure to act; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

Johnson argues that Williams lacks a direct injury, and therefore does not have standing. (Mot. at 9-10). Johnson contends that the wood sold to Williams is in fact harder and tougher than real mahogany, so Williams has not alleged any economic injury. (*Id.*) Economic injury satisfies Article III injury requirements. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013) (finding an Article III injury where plaintiff alleged that he bought a product when he otherwise would not have done so). Here, like the plaintiff in *Hinojos*, Williams suffered economic injury when he bought flooring he would not have if he had known it was not genuine mahogany. While Williams does complain about the softness of Samoan Mahogany, his preference for real mahogany is not predicated solely on the strength of the wood.

Williams also argues that Johnson's factual attack on jurisdiction must be rejected because it goes to the merits of the claims, including the characteristics of Johnson's products, the misrepresentations of the product, and Williams' understanding of the product. (Opp'n at 8-9.) *See Safe Air for Everyone*, 373 F.3d at 1039. Johnson contends that its factual attack on jurisdiction is separate from any attack on the claims' underlying factual merits. It argues that to the extent Williams alleges that he suffered economic injury because Johnson falsely advertised the product on its website, he cannot have suffered that injury because its advertising is factually

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 / TRANSFER |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| | | | | |
|---|---|---|---|---|
| Case No. | 14-CV-03206-DMG-MRWx | | Date | November 12, 2014 |
| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | | Page | 4 of 8 |

correct: the website's description of the Samoan Mahogany product as Taun wood is true. (Reply at 5.)

The truth of the website's description of the Samoan Mahogany product as Taun wood does not establish, however, the impossibility of economic injury. Williams alleges he believed the wood to be mahogany as a result of the way Johnson labeled the product, in spite of the truth of the website's representation about the actual nature of the wood. Whether Williams could reasonably have been misled is therefore a disputed fact requiring an inquiry into the factual merits of his claims.

"A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. U.S.*, 704 F.2d 1074, 1077, 36 Fed. R. Serv. 2d 556 (9th Cir. 1983)). Whether Williams and other customers were misled by Johnson's marketing of the product goes to the heart of Williams' claims. Once a question of jurisdiction is dependent on a disputed fact going to the merits of the claim, use of the standard often cited in Rule 12(b)(6) motions is appropriate, wherein the court assumes the truth of allegations of the complaint and dismisses where it appears beyond a doubt that the plaintiff cannot prove facts necessary to entitle him to relief. *Roberts*, 812 F.2d at 1177 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) and *Calhoun v. United States*, 475 F. Supp. 1, 3 (S.D. Cal. 1977), *aff'd and adopted*, 604 F.2d 647 (9th Cir. 1979) (per curiam), *cert denied*, 444 U.S. 1078, 100 S. Ct. 1029, 62 L. Ed. 2d 761 (1980)). Under this standard, dismissal is not appropriate based on failure to allege economic injury. It does not appear beyond a doubt that Williams cannot prove facts necessary to show that he was misled by Johnson and therefore suffered economic injury.

Finally, Johnson argues that jurisdictional dismissal is appropriate because the claim is wholly insubstantial and frivolous.[2] (Reply at 8.) *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946). Unlike in *Ballou v. Vancouver Police Officers' Guild*, where the court lacked subject matter jurisdiction because the plaintiff, a police officer with the Vancouver Police Department, pled under a statute that did not apply to public sector employees, and therefore had a frivolous claim, here the claim is not frivolous because, assuming the truth of the

---

[2] Johnson's argument in its reply does not flow from the argument in its opening brief regarding lack of standing and Williams' opposition that addressed the standing argument. Johnson's reply attempts to convert its motion into a Rule 12(b)(6) motion to dismiss when it uses language regarding "facial plausibility." Johnson never explicitly argues dismissal under Rule 12(b)(6). Therefore, the Court will construe Johnson's argument under the standards for Rule 12(b)(1), particularly in light of the fact that Johnson did not raise a Rule 12(b)(6) argument in its motion and therefore Williams had no chance to respond to such an argument in its opposition.

UNITED STATES DISTRICT COURT  JS-6 / TRANSFER
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|
| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 5 of 8 |

allegations of the complaint, there is at least a possibility that Williams can prove the facts necessary to entitle him to relief. 389 F. App'x 681, 682 (9th Cir. 2010).

Therefore, the motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

### IV.
### MOTION TO TRANSFER

Johnson moves, in the alternative, for a transfer of venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (Mot. at 1).

**A.      Legal Standard**

Even if venue is proper, '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), the Court "has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). In the Ninth Circuit, courts consider the following factors, among others: (1) the state that is most familiar with the governing law; (2) the plaintiff's choice of forum; (3) the respective parties' contacts with the forum; (4) the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (6) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99 (citing *Stewart*, 487 U.S. at 29-31; *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). Defendant bears the burden to prove that the transfer forum is *more* convenient, rather than "equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S. Ct. 805, 824, 11 L. Ed. 2d 945 (1964).

**B.      Discussion**

   **1.      The State That Is Most Familiar With The Governing Law**

Williams bases his causes of action on the following statutes: the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; California Business and Professions Code § 17500 *et seq.*; California Business and Professions Code § 17200 *et seq.*; and N.J.S.A. § 56:8-1

UNITED STATES DISTRICT COURT       **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 6 of 8 |

*et seq.* Given that all but one of the causes of action are based on California law, a court in California will likely have more familiarity with the governing law.

Accordingly, this factor weighs against transfer.

### 2.    The Plaintiff's Choice of Forum

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Transfer under Section 1404(a), however, "is available 'upon a lesser showing of inconvenience' than that required for a *forum non conveniens* dismissal." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955)).

A plaintiff's choice of forum is only "one of several factors a court must consider when ruling on a motion to transfer venue." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432, 119 S. Ct. 755, 142 L. Ed. 2d 881 (1999); *see also Stewart Organization, Inc.*, 487 U.S. at 31 ("[Section] 1404(a) accords broad discretion to [the] district court, and [a] plaintiff's choice of forum is only one relevant factor for its consideration."). Additionally, a foreign plaintiff's choice of forum is accorded less deference than a local plaintiff's choice would be. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir.2000) and reasoning that because transfer is easier under section 1404(a) than under *forum non conveniens*, the rule that a foreign plaintiff's choice is due less deference is equally applicable).

Because Williams is a citizen of New Jersey and is thus foreign to California, this factor tips in favor of transfer.

### 3.    The Respective Parties' Contacts With The Forum

Williams is a New Jersey citizen, and Johnson is a California corporation. Johnson argues that laying venue in New Jersey will be more convenient because its CEO, who bears responsibility for marketing, resides in New Jersey, and the employee who works with and trains its distributors' personnel is a resident of Pennsylvania, which is approximately 27 miles from the District Court of New Jersey. Williams contends that Johnson's employees dealing with key decisions relating to marketing strategy and advertising are located in California.

UNITED STATES DISTRICT COURT  **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|

| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 7 of 8 |
|---|---|---|---|

Although Johnson's headquarters are located in California, the purchase of the product at issue occurred in New Jersey and the bulk of the witnesses appear to be located on the East Coast. On balance, this factor tilts towards transfer.

4. **The Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum**

Williams purchased the product at a retail outlet in New Jersey, many of the retailers that sell the product are in New Jersey, and the product itself is in Williams' possession in New Jersey. Decisions regarding marketing strategy, product labeling, and sales tactics, however, allegedly emanate from Johnson's headquarters in California.

Thus, this factor is neutral.

5. **The Availability Of Compulsory Process To Compel Attendance Of Unwilling Non-party Witnesses**

Johnson argues that necessary third party witnesses, such as the store that sold the product to Williams, Quality Flooring, and Johnson's distributor, Derr Floors, cannot be compelled to testify at trial in California, but can be compelled to testify in New Jersey. In addition, Johnson's eight independent sales representatives are primarily based on the East Coast.

Williams responds that these third-party witnesses are not truly critical, as this case centers on Johnson's marketing decisions, which originated from company headquarters in California. Johnson argues that only a couple of its employees based in California participate in marketing and advertising decisions, and that they can be made available for deposition in New Jersey.

Therefore, this factor weighs in favor of transfer.

6. **The Ease of Access To Sources Of Proof**

Johnson contends that it will conduct nearly all discovery in New Jersey. Johnson emphasizes that the product itself is in New Jersey. Furthermore, given that this action is a putative class action, the fact that many of its retailers are in the East Coast and the Central States militates in favor of transfer. Document production and custodian of records depositions would thus be conducted in New Jersey and the adjoining states. (Mot. at 16.)

UNITED STATES DISTRICT COURT    **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 14-CV-03206-DMG-MRWx | Date | November 12, 2014 |
|---|---|---|---|

| Title | *John Williams v. Johnson Premium Hardwood Flooring, Inc.* | Page | 8 of 8 |
|---|---|---|---|

Williams replies that the case will turn on Johnson's actions as an organization, and therefore the bulk of relevant books, records, and witnesses exist in California. (Opp'n at 14.) This discovery, according to Johnson, is likely to be much more demanding than any discovery against third parties. (*Id*. at 14.) Williams also contends that his flooring can be examined by an expert in New Jersey or shipped to California. (*Id*.)

Given the potential for this action to become a class action and the fact that most retailers are located in the East Coast, this factor tips in favor of transfer.

**7.    Balancing the factors**

Because most of the factors weigh in favor of transfer, Johnson has borne its burden of proving that transfer of forum is *more* convenient "rather than equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964). Thus, transfer is appropriate. The Court therefore GRANTS Johnson's motion to transfer.

**V.**
**CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** Defendant's Motion to Transfer to the United States District Court for the District of New Jersey.

**IT IS SO ORDERED.**